UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stuart Kaufman,

       Plaintiff,

v.                                                          Civil No. 08-173 (JNE/SRN)
                                                           ORDER

Costco Wholesale Corporation,

       Defendant,

---

Richard W. Hechter, Esq., Thill Law Firm P.A., appeared for Plaintiff Stuart Kaufman.

Andrew L. Marshall, Esq., Bassford Remele, A Professional Association, appeared for Defendant Costco Wholesale Corporation.

---

Stuart Kaufman brought this action against Costco Wholesale Corporation (Costco) in the Fourth Judicial District claiming damages for injuries allegedly resulting from a slip and fall in Costco's St. Louis Park, Minnesota, store. Kaufman claimed that Costco was negligent in its operation, maintenance, and inspection of its property and in its failure to warn Kaufman of a dangerous condition existing on its property. After Costco removed the matter to this Court, Kaufman filed a Motion to Remand, which the Court heard on July 11, 2008. The parties submitted supplemental briefs addressing the applicability of *Smith v. Eye Safety Systems, Inc.*, Civ. No. 06-1398, 2007 WL 128837 (D. Minn. Jan. 12, 2007), to Kaufman's Motion to Remand. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

On December 14, 2007, Kaufman sued Costco in Minnesota's Fourth Judicial District claiming damages for "severe and painful injuries" resulting from a slip and fall in Costco's St. Louis Park, Minnesota, store. Kaufman sought damages "in excess of" $50,000 for past and

1

future medical expenses and lost wages.  Kaufman's Prayer for Relief complied with Minnesota Rule of Civil Procedure 8.01[1], which provides "[i]f a recovery of money for unliquidated damages in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought."

Costco, a Delaware corporation having a principal place of business in Washington, removed the action to this Court on January 17, 2008.  Costco alleged that the amount in controversy exceeded $75,000 and that the parties were citizens of different states.  Kaufman moved to remand the action to state court claiming the amount in controversy did not exceed $75,000.  Kaufman did not contest Costco's description of the citizenship of the parties.

Kaufman claims he injured his neck, back, and hip as a result of his August 27, 2007, fall in the Costco store.  Kaufman's medical records indicate that he previously injured his left hip in a car accident in January 2006 and that his pain allegedly increased after his fall.  In November 2006, Kaufman sought treatment for his left hip and was diagnosed as suffering from a fracture

---

[1]    In 1978, the Minnesota Legislature enacted Minn. Stat. § 544.36, which limits ad damnum clauses as follows:

> In a pleading in a civil action which sets forth an unliquidated claim for relief, whether an original claim, cross-claim, or third-party claim, if a recovery of money is demanded in an amount less than $50,000, the amount shall be stated. If a recovery of money in an amount greater than $50,000 is demanded, the pleading shall state merely that recovery of reasonable damages in an amount greater than $50,000 is sought.
>
> This section may be superseded by an amendment to the Rules of Civil Procedure adopted after July 31, 1978.

Act of April 5, 1978, ch. 738, § 3, 1978 Minn. Laws 838.  The purpose of this section was to limit the adverse impact that pleading large sums of damages could have on the public perception of the civil justice system.  *See* Mike Steenson, *The Character of the Minnesota Tort System*, 33 Wm. Mitchell L. Rev. 239, 276-77 (2006).  Minnesota Rule of Civil Procedure 8.01 was amended in 1985 to bring its language into conformity with this section.  Minn. R. Civ. P. 8.01 advisory committee's note (1985).

2

of the acetabulum, moderate degenerative joint disease, and tearing of the acetabular labrum.[2] A July 26, 2007, letter, signed by an examining physician, states that Kaufman's MRI results were "consistent with some moderate osteoarthritic changes and some labral tearing" and that Kaufman "certainly may need to have total hip arthroplasty someday with continued progression of his osteoarthritis." The letter also states that Kaufman's osteoarthritis was likely a pre-existing condition aggravated by the injuries sustained during the car accident and Kaufman's fall at the Costco store. Kaufman was 53 years old at the time of his fall.

## II. DISCUSSION

A defendant may remove a civil action brought in state court to the appropriate federal district court if the United States District Courts have original jurisdiction of the action. 28 U.S.C. § 1441(a) (2000). Original jurisdiction exists in the district courts in all civil actions between citizens of different states where the amount in controversy exceeds the sum of $75,000. *Id.* § 1332(a). After removal, a plaintiff may move to remand to state court on the basis of any defect in the removal procedure or if the district court lacks subject matter jurisdiction. *Id.* § 1447(c). The court's removal jurisdiction must be strictly construed and all doubts resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

The party asserting federal jurisdiction has the burden of showing that the amount in controversy requirement is met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Where the complaint states a specific amount that is lower than the required jurisdictional amount, a defendant seeking removal "must show that it appears to a legal certainty that the amount in controversy" exceeds the jurisdictional minimum. *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 946 (D. Minn. 1999). The "legal certainty" test does not apply where a plaintiff

---

[2] The acetabulum is the cup-shaped socket of the hip joint that receives the head of the thighbone. The acetabular labrum is a ring of fibrous cartilage that runs around the acetabulum.

does not allege a specific amount in the complaint. *Id.* Instead, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy in fact exceeds $75,000. *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). The burden can be met by submitting proof that the plaintiff's verdict reasonably may well exceed the jurisdictional minimum, or if, on the face of the complaint, it is apparent that the claims are likely above that amount. *McNeilus Truck and Mfg., Inc. v. Hunt*, Civ. No. 01-1099, 2001 WL 837940, at *2 (D. Minn. July 23, 2001) (citing *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996)). The jurisdictional inquiry focuses on the claims made at the time of removal. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833-34 (8th Cir. 2005).

Costco argues that the allegations in Kaufman's complaint support its claim that the amount in controversy exceeds $75,000. Kaufman pleaded damages in excess of $50,000. He alleged that his injuries were "severe and painful" and that some of his injuries are permanent. He sought compensation for past and future medical expenses and lost wages. In addition, Costco offers Kaufman's medical records, which indicate that he has suffered a fracture of the acetabulum, tearing of the acetabular labrum, and may eventually require hip replacement. Costco also offers evidence of cases involving similar injuries having settlement amounts and jury verdicts in excess of the jurisdictional requirement.

Kaufman argues that the jurisdictional minimum is not met because he made a formal settlement offer of $21,000. A settlement offer, however, is not dispositive of the amount in controversy. *See Corlew v. Denny's Rest., Inc*, 983 F. Supp 878, 879 (E.D. Mo. 1997). Kaufman also suggests that the amount in controversy requirement is not met because he had a pre-existing hip condition at the time of his fall. Because Kaufman testified at his deposition that

4

he was not aware of any problems with his left hip before his fall, the extent to which Kaufman's pre-existing hip condition would reduce his damages is unclear.  Further, Kaufman claims injury to his neck and back as well as to his hip.  Regardless of Kaufman's pre-existing hip condition, Costco has shown that Kaufman's damages reasonably may well exceed $75,000 based on Kaufman's claimed injuries, his medical records diagnosing a fractured hip and indicating possible future hip replacement, and his damages claim in excess of $50,000.

In support of his argument that the amount in controversy does not exceed the jurisdictional minimum, Kaufman testified at the hearing that his damages would not exceed $75,000.  "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal."  *Hatridge*, 415 F.2d at 814.  Post-removal stipulations that the damages do not exceed the jurisdictional minimum have been used, however, to clarify the amount in controversy in cases where the complaint filed in Minnesota state court sought recovery for damages "in excess of" $50,000 in accordance with Minnesota Rule of Civil Procedure 8.01.  *See, e.g.*, *Eye Safety*, 2007 WL 128837, at *1-2; *Dyrda*, 41 F. Supp. 2d at 945-46.  When this Rule was enacted in 1985, the federal jurisdictional requirement was $10,000.  28 U.S.C. § 1332 (1982) (current version at 28 U.S.C. § 1332 (2000)).  Congress increased the requirement to $50,000 in 1988, Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, Title II, § 201, 102 Stat. 4642, 4646 (1988), and again increased the requirement to $75,000 in 1997, Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, Title II, § 205, 110 Stat. 3847, 3850 (1996).

The ambiguities in *Dyrda* and *Eye Safety* as to the amount in controversy arose because the Minnesota pleading limitation has not kept pace with the federal jurisdictional minimum.[3]

In *Dyrda*, the plaintiff sued Wal-Mart Stores, Inc. (Wal-Mart), in Minnesota state court for damages in excess of $50,000 resulting from personal injuries suffered when the plaintiff slipped and fell on an icy surface of a Wal-Mart store in Forest Lake, Minnesota. 41 F. Supp. 2d at 945. After Wal-Mart's removal of the action to federal court, the plaintiff moved to remand to state court claiming that the amount in controversy did not exceed $75,000. *Id.* at 946. In opposition to remand, Wal-Mart offered evidence of verdicts and settlements in cases involving similar injuries where damages exceeded $75,000. *Id.* At the hearing on the motion for remand, the plaintiff stipulated to damages of less than $75,000. *Id.*

The magistrate judge found *Hatridge* was not controlling in *Dyrda* and recommended remand. *Dyrda*, 41 F. Supp. 2d at 948-49. One distinguishing factor identified by the magistrate judge was that *Hatridge* predated enactment of the Minnesota pleading law requiring plaintiffs seeking unliquidated damages greater than $50,000 to plead damages "in excess of" $50,000 (rather than a specific amount). *Id.* at 948. Another reason *Hatridge* did not control was that the *Hatridge* court concluded the plaintiff was forum shopping based on her attempt to claim less than the jurisdictional amount by severing her claims. *Dyrda*, 41 F. Supp. 2d at 948-49. In contrast, there was no "obvious attempt" to forum shop by the plaintiff in *Dyrda*. *Id.* Rather than reducing the amount in controversy, the plaintiff's post-petition affidavit was "relevant to clear up the ambiguity in the amount of damages that were alleged at the time of removal." *Id.* at

---

[3]   Some states have adopted pleading requirements that prevent this ambiguity by requiring the prayer for relief to state whether the alleged damages exceed the federal jurisdictional minimum. *See, e.g.*, Ark. R. Civ. P. 8(a) (2008); La. Code Civ. Proc. art. 893(A) (2008).

949. The district court judge adopted the Report and Recommendation of the magistrate judge. *Id.* at 946.

In *Eye Safety*, plaintiffs Jason and Carrie Smith sued in Minnesota state court for damages "in excess of $50,000" resulting from permanent injury to Jason Smith's left eye. 2007 WL 128837, at *1. The defendant removed the case to federal court, where plaintiffs moved to remand and averred that neither sought more than $75,000 in damages. *Id.* The defendant offered evidence of similar cases having settlement amounts and jury verdicts greater than $75,000. *Id.* at *2. The court found *Dyrda* on point and granted the motion to remand. *Id.*

This action, however, presents a different set of circumstances than those found in *Dyrda* and *Eye Safety*. *Dyrda* relied on the clarifying nature of the plaintiff's affidavit when determining remand was appropriate.[4] 41 F. Supp. 2d at 946 ("The magistrate judge points out that the plaintiff does not seek to reduce the original amount sought or to change the circumstances after the filing of the complaint but seeks only to clarify the amount of damages beyond what he is allowed to claim by Minnesota Pleading Law.") Here, Kaufman's testimony does not clarify the amount of damages alleged at the time of removal. Kaufman claimed lost wages in his complaint, yet testified at the hearing that he has no wage loss claims. The assertion of no lost wages was repeated in Kaufman's supplemental brief. Kaufman's counsel suggested

---

[4] Although *Eye Safety* describes the holding in *Dyrda* more broadly, *see* 2007 WL 128837, at *2, it is well-settled that a plaintiff's post-removal voluntary reduction of damages to less than the jurisdictional amount does not defeat federal jurisdiction acquired through removal, *see Powerex Corp. v. Reliant Energy Servs., Inc.*, __ U.S. __, ___, 127 S. Ct. 2411, 2417 n.1 (2007); *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-93 (1938); *Hatridge*, 415 F.2d at 814. (The Court is aware that one district court has interpreted *Powerex* as "effectively abrogat[ing]" the proposition that a post-removal stipulation reducing the amount in controversy does not require remand. *Roberts v. A&S Bldg. Sys., L.P.*, Civ. No. 07-413, 2008 WL 220627, at *2-3 (E.D. Tenn. Jan. 25, 2008). The Court finds the reasoning in *A&S Building* unpersuasive and believes that *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1334-35 (M.D. Ala. 2008), sets forth the better view.)

7

at the hearing that Kaufman's pre-existing hip degeneration meant the amount in controversy was less than $75,000, but Kaufman testified at his deposition two days earlier that he was not aware of any symptoms in his hip before his fall. These inconsistencies indicate that Kaufman's testimony was intended to reduce his damages below the jurisdictional minimum. Further, Kaufman's counsel's evident displeasure at proceeding in a federal court, demonstrated at the hearing and in Kaufman's supplemental brief, suggests that the purpose of Kaufman's testimony was not to clarify the amount in controversy, but to avoid federal court. Kaufman's post-removal stipulation reducing the amount in controversy is insufficient to destroy federal jurisdiction. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872-73 (6th Cir. 2000), *cert. denied*, 532 U.S. 953 (2001); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429-30 (7th Cir. 1997); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam).

Because Kaufman's post-removal testimony reduces his damages in an attempt to circumvent federal jurisdiction, *Dyrda* and *Eye Safety* are inapplicable. Kaufman's post-removal voluntary reduction of damages does not defeat federal jurisdiction. *See Hatridge*, 415 F.2d at 814. "The important issue of whether a federal court has jurisdiction over a lawsuit on the basis of the amount in controversy should be decided on the basis of substance, not gamesmanship." *McNeilus*, 2001 WL 837940, at *2 n.1. Costco has shown by a preponderance of the evidence that the amount in controversy at the time of removal reasonably may exceed $75,000. The motion to remand is denied.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion to Remand [Docket No. 12] is DENIED.

Dated:  August 18, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
